Pipelines — Public Utility — Regulation-Fees Title 52 O.S. 5 [52-5] (1968), includes in its regulation municipal utility trusts municipalities. The inspection fee provided for in Section 5 is not a tax contemplated by Oklahoma Constitution, Article X, Section 6 and the municipal utility trusts and municipalities are therefore subject to the fee. The Attorney General has had under consideration your letter of October 29, 1968, wherein you ask: "We would like to have an Attorney General's Opinion as to whether or not Senate Bill No. 611 will apply to municipalities and municipal utility trust operations. If so, does the Commission have authority to levy an assessment against such pipeline operators for services required under the act." O.S.L. 1968, ch. 73, Section 1 (52 O.S.Supp. 1968 Section 5[52-5] [52-5], S.B. 611, Section 5, 31st Oklahoma Legislature, 2nd Session (1968)) provides in its pertinent part: "The Corporation Commission is hereby authorized, directed and empowered to promulgate, adopt and enforce reasonable rules and regulations establishing minimum State safety standards for the design, construction, maintenance and operation of all pipelines used for the transmission and distribution of natural gas in this State. When any such transmission pipeline shall be constructed, operated or maintained under, through and across a highway, section line road or improved public road or street, there shall be erected directly above where such pipeline enters or leaves said highway, section-line road or improved public road or street, a suitable sign or marker stating thereon the name of the owner of such pipeline and such other information as the Corporation Commission may by rule or regulation direct. "The Corporation Commission shall appoint a registered professional engineer who shall have not less than ten (10) years' actual experience in the design, construction, maintenance or operation of natural gas pipelines, and such other personnel as may be provided by law, to carry out the provisions of this Act. He shall be furnished with such personnel, supplies and equipment as may be necessary to carry out the provisions of this Act. The expenses of any inspection shall be borne and paid for by the parties laying and constructing or operating such pipelines for the transportation or transmission of natural gas." A plain reading of the above section dictates that it includes the regulation of all pipelines used for the transmission and distribution of natural gas in Oklahoma. The section further provides that the expense of inspecting the pipelines shall be borne by the parties laying and constructing or operating such pipelines. Therefore, if a utility trust or a municipality is a party laying and constructing or operating such a pipeline, they fall within the purview of this section. However, the question arises whether a charge for the inspection of property owned by a utility trust or a municipality constitutes a tax which is prohibited by the Oklahoma Constitution. Oklahoma Constitution, Article X, Section6 provides in its pertinent part: "All property used for free public libraries, free museums, public cemeteries, property used exclusively for schools, colleges, and all property used exclusively for religious and charitable purposes, and all property of the United States, and of this State, and of counties and of municipalities of this State; household goods of the heads of families, tools, implements, and live stock employed in the support of the family not exceeding one hundred dollars in value and all growing crops, shall be exempt from taxation." In Ex Parte Cannon, 62 Tex.Crim. Rep. l l, 136 S.W. 61, the court was asked to decide whether a constitutional provision prohibiting an occupation tax on electricians would prevent a municipality from charging a fee for inspecting work completed by the electrician. The court upheld the fee stating that such a charge relates to the police power of the municipality and not to its taxing power. 44 CJ.S., Inspection Section 12, states in part: "As incident to its power to enact valid inspection laws, a state may impose a reasonable fee or charge for the purpose of defraying the expenses of inspection but such a fee is not a tax." Therefore, it is the opinion of the Attorney General that O.S.L. 1968, ch. 73, Section 1 (52 O.S.Supp. 1968 Section 5[52-5] [52-5], S.B. 611, Section 5, 31st Oklahoma Legislature, 2nd Session (1968)) includes in its regulation municipal utility trusts and municipalities. In answer to your second question, the inspection fee provided for in Section 5 is not a tax contemplated by Oklahoma Constitution, Article X, Section 6 and the municipal utility trusts and municipalities are therefore subject to the fee. (David L. Russell)